# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH R. WATSON,

        Plaintiff,        CASE NO. 14-14124
                                  HON. DENISE PAGE HOOD

v.

WILLOW ENTERPRISES, INC.,
SARAH KADING,
BRANDI SCHIEMAN,

        Defendants.
_____/

## ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [#58]

**I.    BACKGROUND**

This matter is now before the Court on Plaintiff Joseph R. Watson's ("Watson") Motion for Reconsideration filed on July 27, 2017. (Doc # 58) A jury trial has been reset for August 29, 2017. On July 13, 2017, the Court entered an Order Regarding Motions in Limine. (Doc # 57)

Watson asks the Court to reconsider its ruling as to Dr. Joel Khan only. The Court ruled that it would permit Dr. Kahn to provide expert testimony at trial solely to contradict or rebut evidence presented by Watson, and ordered Defendants to provide a written report prepared and signed by Dr. Kahn by July

31, 2017. For the reasons set forth below, the Court denies in part and grants in part Watson's Motion for Reconsideration.

**II. STANDARD OF REVIEW**

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Watson's Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not

initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

## III. ANALYSIS

Watson argues that the Court made a palpable error in its July 13, 2017 Order in concluding that Dr. Kahn is a rebuttal expert because Watson has not named an expert and "there is nothing to rebut." Watson argues that the Kahn report is an untimely affirmative report that Defendants have called a rebuttal report to mask their failure to comply with the rules concerning expert disclosure. In the alternative, Watson requests permission to call a sur-rebuttal witness.

The Court finds that Watson has not met his burden on a motion for reconsideration because Watson merely re-hashes the same arguments he has made before. Watson also cites some additional cases that he could have cited earlier in support of the same arguments. A motion for reconsideration is not a vehicle to re-hash old arguments. *Sault Ste. Marie Tribe*, 146 F.3d at 374. The Court already considered and rejected Watson's arguments and concluded that Dr. Khan will be permitted to provide expert testimony at trial solely to contradict or rebut evidence on causation that may be presented by Watson.

In any event, it is noted that the Court has "broad discretion" to determine whether an untimely discovery disclosure is substantially justified or harmless under Rule 37 of the Federal Rules of Civil Procedure. *Disney Enters., Inc. v.*

*Kappos*, 923 F. Supp. 2d 788, 796 (E.D. Va. 2013). In this case, any untimely disclosure on the part of Defendants was harmless because: (1) Watson had the opportunity to cross examine Dr. Khan about his expected rebuttal opinion during his deposition; (2) the jury trial was reset from July 18, 2017 to August 29, 2017; and (3) the Court will permit Watson to call a sur-rebuttal witness, which Watson could have requested earlier. In the absence of any specific prejudice to Watson by Dr. Khan's disclosure as a rebuttal expert as opposed to a primary expert, and in the interest of presenting the jury with as much relevant evidence as possible, the Court will not disturb its prior ruling permitting Dr. Khan to provide expert testimony at trial solely to contradict or rebut causation evidence that may be presented by Watson. *See Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124, at *5 (S.D. Ohio Jan. 26, 2012).

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff Joseph R. Watson's Motion for Reconsideration (Doc # 58) is DENIED IN PART and GRANTED IN PART only as to his alternative request for permission to call a sur-rebuttal witness.

IT IS FURTHER ORDERED that Watson shall name any sur-rebuttal witness within seven (7) days of the entry of this Order.

                        <u>S/Denise Page Hood</u>
                        Denise Page Hood
                        Chief Judge, United States District Court

Dated: August 10, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2017, by electronic and/or ordinary mail.

                        <u>S/LaShawn R. Saulsberry</u>
                        Case Manager